UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PAUL CAUFIELD, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>COLGATE-PALMOLIVE COMPANY EMPLOYEES' RETIREMENT INCOME PLAN,<br><br>　　　　Defendant. | 4:07-cv-16-SEB-WGH |
| PAUL ABELMAN, on behalf of himself and all others similarly situated, VALERIE R. NUTTER, WARREN JEMMOTT, SUSAN BYRD, ADRIANA VASQUEZA, and CORA NELSON-MANLEY,<br><br>　　　　Plaintiffs,.<br><br>　vs.<br><br>COLGATE-PALMOLIVE COMPANY, COLGATE-PALMOLIVE COMPANY EMPLOYEES' RETIREMENT INCOME PLAN, and ERC,<br><br>　　　　Defendants. | 1:07-cv-1554-SEB-JMS |

**ORDER ON RELATED CASE ISSUES AND TRANSFERRING CASES TO THE SOUTHERN DISTRICT OF NEW YORK**

Plaintiffs Paul Caufield et. al filed an action against the Colgate-Palmolive Company Employees' Retirement Income Plan in our New Albany Division on February 12, 2007. Caufield v. Colgate Palmolive Company Employees' Retirement Plan, Cause No. 4:07-cv-16-SEB-WGH.

1

An action raising virtually identical issues brought by Plaintiffs Paul Ableman et. al was filed originally in the Southern District of Ohio and thereafter transferred to our Indianapolis Division on November 30, 2007. Paul Ableman, et. al, v. Colgate-Palmolive Company, et. al, Cause Number 1:07-cv-1554-DFH-JMS.

On December 6, 2007, the defendants in Ableman filed a Notice of Related Action, pursuant to Ind. S.D. Local Rule 40.1(d) and (f), requesting that Ableman be transferred from the docket of the Honorable David F. Hamilton to the docket of the undersigned judge before whom Caufield was pending. (Ableman, Docket No. 6.) Thereafter, counsel in both Ableman and Caufield discussed with Magistrate Judge Hussmann the possibility and desirability of consolidating the two cases into a single action. And, on February 29, 2008, Judge Hamilton issued an Order to Resolve Consolidation and Related Case Issues in Ableman, observing that the undersigned judge could take judicial notice of the filings in Ableman. (Ableman, Docket No. 28). In response to Judge Hamilton's Order, the Ableman Plaintiffs acceded to Defendants' request that Ableman be related to the Caufield case for venue purposes. (Ableman, Docket No. 29).

Having taken judicial notice of the filings in Ableman, the undersigned judge now finds, pursuant to Ind. S.D. Local Rule 40.1(d), that Caufield and Ableman should be related such that Ableman shall be transferred to the undersigned's docket pursuant to Ind. S.D. Local Rule 40.1(f). Accordingly, the Clerk is directed to reassign Ableman to the docket of the Honorable Sarah Evans Barker with the amended cause number reflected above.

In addition, the Court takes judicial notice of the March 19, 2008, ruling in Proesel and Rosie et. al v. Colgate-Palmolive Company Employee Retirement Income Plan, et. al, Cause Number 07 Civ. 9515 (BSJ)(KNF), another litigation related to Ableman and Caufield currently pending in the

2

Southern District of New York, in which Defendants' motion to transfer Proesel to the Southern District of Indiana was denied. In that ruling, the Honorable Barbara Jones found in relevant part that: "[M]ost relevant evidence and witnesses [reside] in New York, [making] it . . . clearly . . . more efficient to conduct a trial in New York." (Proesel Order, page 6.) Judge Jones also ruled: "[T]here is no reason why all three actions cannot ultimately be consolidated in this district." (Proesel Order, page 7.)

This undersigned judge accepts and adopts the findings and conclusions entered by the Court in Proesel with regard to the choice of venue, and includes them in this order as if fully set out, on the basis of which Plaintiffs' motion to transfer venue (Ableman Docket No. 23) is GRANTED. As Plaintiffs' motion (Ableman, Docket No. 23) has pointed out, Defendants' headquarters are in New York and virtually all of the documents that are potentially relevant to this action, including Plan documents and Plan records, are maintained in New York. Additionally, those individuals with intimate knowledge of the Plan's administration work at Colgate-Palmolive's headquarters in New York. Under 29 U.S.C. § 1132(e)(2), an action under ERISA "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ." Judge Jones's thorough and well-reasoned opinion in Proesel concludes that an evaluation of the appropriate factors concerning venue favors resolution in the Southern District of New York. This Court concurs with Judge Jones's opinion.

Therefore, based on the convenience of the parties and witnesses, the interest of justice, and the parties' requests and/or consent, the Ableman and Caufield causes of action shall each be transferred, pursuant to 28 U.S.C. §1404(a), to the Southern District of New York as related matters to the Proesel cause of action.

IT IS SO ORDERED.

Date: 03/26/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jeremy P. Blumenfeld
MORGAN LEWIS & BOCKIUS LLP
jblumenfeld@morganlewis.com

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

William K. Carr
LAW OFFICE OF WILLIAM K. CARR
bill@pension-law.com

Theresa J. Chung
MORGAN, LEWIS & BOCKIUS LLP
tchung@morganlewis.com

Joseph J. Costello
MORGAN LEWIS & BOCKIUS LLP
jcostello@morganlewis.com

Philip John Gutwein II
BAKER & DANIELS
philip.gutwein@bakerd.com

Diane Moore Heitman
KOREIN TILLERY LLC
dheitman@koreintillery.com

Brandi T. Johnson
MORGAN, LEWIS & BOCKIUS LLP
btjohnson@morganlewis.com

T. J. Smith
tjsmith@smithhelman.com

Douglas R. Sprong
KOREIN TILLERY LLC
dsprong@koreintillery.com

William Henry Blessing
119 East Court Street
Suite 500
Cincinnati, OH 45202

Eli Gottesdiener
GOTTESDIENER LAW FIRM PLLC
eli@gottesdienerlaw.com